The MINT, a Non-Profit Corporation,
Plaintiff,

v.

UTAH LIQUOR CONTROL
COMMISSION, Defendant.

No. 15541.

Supreme Court of Utah.

Oct. 16, 1978.

Frank N. Nakamura, Mooney, Jorgensen & Nakamura, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendant.

ELLETT, Chief Justice:

This is a review of the Liquor Commission's denial of an application for a license to dispense liquor, which denial, after a full hearing, was made because of the proscriptions of Title 32–1–36.15(2), Utah Code Annotated 1953, as amended (1977 Pocket Supplement), as follows:

(2) No state store or package agency shall be established within a radius of 600 feet of any public or private school, church, library, public playground, or park unless the commission finds after full investigation that . . . compliance with such distance requirement would result in . . . hardships in either of which event the commission may, after giving full consideration to all of the attending circumstances, following a public hearing in the county, and where practical in the neighborhood concerned, authorize a variance from the distance requirement so as to relieve the difficulties or hardships if the variance may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the Utah Liquor Control Act.

The owner of the Applicant had spent considerable money he said in remodeling part of a building at #266 Main Street, Salt Lake City, the busiest, or one of the busiest streets in the downtown area, before he knew the nature of an establishment operating at #226 Main Street, about 300 feet away on the same side of the street, known as the "Catholic Center—St. Paul's Chapel—Paraclete Gift Shop". Its nature or character was a combined chapel in the rear, with a gift shop up front having books, Bibles, and religious gift items for sale. The Chapel was purposed for businessmen and transients who could attend a noon Mass daily, except Sunday.

The Director of the Gift Shop recommended that the license be granted, indicating that the Applicant's location would not pose a moral hazard to the Gift Shop. However, after considerable questioning, he said "We can't overlook the fact that it is a chapel of convenience and a church."

No Utah case has enunciated a definition of the word "church." It has said that a facility in a mountainous area, for incorrigible, or anti-social boys, who forcibly were disciplined on occasion, was a "school" under a Provo City, Utah ordinance (*Crist v. Bishop*, Utah, 520 P.2d 196 (1974)). The case of *Scott v. Roman Catholic Archbishop*, 83 Or. 97, 163 P. 88, said "church purposes" was not restricted to divine worship, but may be a building primarily for purposes of a religious organization.

In the present case it would appear that the Commission reasonably could have concluded that the primary purpose of the combined chapel gift shop facility was to accommodate religious worship, with Bible-selling a secondary purpose.

The findings and conclusions of the Commission on questions of fact are final and not subject to review by this Court where supported by competent evidence.[1]

The very statute under which the Commission denied the application here, has an escape clause allowing for a variance in the event of hardship where the public weal is not substantially impaired. The Commission saw fit to decide it was not advisable to make such a variance, and such conclusion having been bottomed on persuasive, believable evidence, we affirm the Commission's order, with no costs on appeal.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, Justice, dissenting:

In my view this matter should have been dismissed. The plaintiff having sold its business prior to hearing on appeal, and not now seeking license, the matter is moot.

---

1. U.C.A., 1953, Sec. 32–1–32.6, enacted by Laws of Utah, 1969, Ch. 83, Sec. 52.